FILED
Clerk
District Court

MAY 23 2006

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

For The Northern Mariana Islands
By_____
(Deputy Clerk)

*******************************************************************

CR- 03-000016-002

May 24, 2006
11:00 a.m.

## UNITED STATES OF AMERICA -v- CHEN, WEI JUN

PRESENT:  HON. ALEX R. MUNSON, Chief Judge Presiding
SANAE SHMULL, Official Court Reporter
K. LYNN LEMIEUX, Courtroom Deputy
TIMOTHY MORAN, Assistant U. S. Attorney
COLIN THOMPSON, Counsel for Defendant
CHEN, WEI JUN, Defendant

PROCEEDING:  RE-SENTENCING

Defendant was present with his court appointed counsel, Attorney Bruce Berline. Government by Timothy Moran, AUSA. Also present was U.S. Probation Officer, Melinda Brunson.

Aby Leung was sworn as interpreter/translator of the Mandarin language.

Attorney Bruce Berline stated that he was not sure whether he was ever officially appointed to this case. Court appointed Attorney Berline nunc pro tunc.

Further, Attorney Berline requested that the interpreter's appointment be approved. Court so ordered.

Defendant was examined as to his understanding of his constitutional rights and his understanding of the proceedings.

Court stated for the record that **CHEN, WEI JUN** was named in a four count indictment filed in the United States District Court of the Northern Mariana Islands on August 13, 2003. The indictment charged in Count I that on or about from in or about April 2003 to in or about late July 2003, Mr. Chen committed the offense of Conspiracy to Collect Extensions of Credit by Extortionate Means pursuant to 18 USC §§894 and 2 and Counts II, III, and IV Charged Collection of Extensions of Credit by Extortionate Means on or about July 6, 2003, July 10, 2003 and July 11, 2003 in violation of 18 USC §§894 and 2. Mr. Chen, pursuant to a plea agreement, entered a guilty plea to Counts I, II and IV on October 9, 2003. After accepting the defendant's guilty plea, the Court ordered a presentence investigation and sentenced the defendant on February 27, 2004. The U.S. Court of Appeals for the 9th Circuit, by mandate of February 10, 2006, remanded the case to this Court to proceed pursuant to U.S. -vs- Ameline, 409 F3rd1073(2005) (en banc). The defendant has been incustody since on or about August 13, 2003.

Defense argued moved for the removal of the enhancement levels for obstruction of justice and to reduce the base level offense. Government argued.

Court made a finding that the defendant's testimony at trial was perjured and that he willfully lied as a witness. Court DENIED the motion.

Court adopted the **amended** presentence investigation report and instructed the Clerk to file the report, under seal, and that the report be made available if the judgment is appealed. The probation officer's recommendation shall also be placed under seal. No objection by the parties other than previously stated in their arguments.

Government recommended a sentence of imprisonment of 78 months. Defense recommend a sentence of imprisonment at the lowest end of the guidelines.

SENTENCE: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant **CHEN, Wei Jun** is hereby sentenced to a term of imprisonment of **78 months** for each count and the terms will run concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years for each count, the terms shall run concurrently. The terms of supervised release will include the following conditions:

1. The defendant shall be delivered to a duly authorized immigration official for deportation proceedings pursuant to 18 U.S.C. §3583(d), and with the established procedures provided by the Immigration and Naturalization Act under 8 U.S.C. §1101. As a further condition of supervised release, if ordered deported, the defendant shall remain outside the United States and shall not re-enter without the permission of the U.S. Attorney General. If deportation fails to occur and the defendant is released from confinement pending further immigration proceedings, he shall immediately report to the U.S. Probation Office to begin his term of supervised release;

2. The defendant shall obey all federal, state and local laws;

3. The defendant shall comply with the standard conditions of supervised release as set forth by the U.S. Probation Office;

4. The defendant shall not possess a firearm or other dangerous weapon or have such at his residence;

5. The defendant shall not use or possess illegal controlled substances;

6. The defendant shall refrain from the excessive use of alcoholic beverages and submit to random alcohol testing to ensure compliance with this condition;

7. The defendant shall submit to one urinalysis test within 15 days of release from custody and up to eight more urinalysis tests per month thereafter;

8. The defendant shall obtain and maintain gainful employment; and

9. The defendant shall perform 200 hours of community service under the direction of the U.S. Probation Office.

Court ordered that the defendant pay a $300.00 assessment fee. All fines were waived.

No objection to the sentence by the attorneys. Defendant was advised of his right to appeal the sentence; if he or his attorney feel that there is a reason to appeal they must do so within 10 days. Further, the defendant was advised of his right to an attorney for appeal.

Defendant was remanded into the custody of the U.S. Marshal.

Adj. 11:50 a.m.

K. Lynn Lemieux, Courtroom Deputy